IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID O'DONNELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AVIS RENT A CAR SYSTEM, LLC; | § | |
| AVISBUDGET CAR RENTAL, LLC; | § | CIVIL NO. 3:19-cv-02687-S |
| AVIS BUDGET GROUP, INC.; | § | |
| AB CAR RENTAL SERVICES, INC.; | § | |
| PV HOLDINGS, INC.; ACE AMERICAN | § | |
| INSURANCE COMPANY; AND | § | |
| SEDGWICK CLAIMS MANAGEMENT | § | |
| SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY
(DEPOSITION TESTIMONY, PRODUCTION OF DOCUMENTS AND
INTERROGATORY ANSWERS)**

TO THE HONORABLE COURT:

Comes now Plaintiff who files this Motion to Compel Discovery from Defendants and their witness Amber Keever (witness produced on behalf of Defendant Sedgwick Claims Management Services, Inc.) and in support thereof would show as follows:

**BACKGROUND INFORMATION**

This is a suit to collect a Two Million Dollar judgment in Cause No. 3:17-CV-1922-S-BK (hereinafter the underlying suit). Plaintiff obtained a Turnover Order (Doc. #94) (Appendix 1) in the underlying suit of any and all potential causes of action which the judgment-debtor (Juan Pablo Zavala Diaz hereinafter referred to as Zavala Diaz) had against these Defendants. This would necessarily include claims for failure to provide a defense in the underlying suit and failure to indemnify or pay the judgment. These causes of action are well established under Texas law. It

is clear that Defendants' strategy in this case is that they alone get to identify the issues at bar and what is relevant to those issues and without Court interference they will not produce what is obviously relevant and discoverable information.

Defendants incorrectly assert that the only issue in this case is whether Zavala Diaz delivered suit papers to them and demanded a defense.  (See Joint Status report at pages 3, 7, 10, 16, 24, 25).  The Texas Supreme Court has held that failure to deliver suit papers and demand a defense can defeat the duty to defend and indemnify **where the policy has such a requirement**. *National Union Fire Ins. v. Crocker*, 246 S.W.3d 603, (Tex. 2008).  Defendants twist and distort this holding to extend it to cases where there is no such contractual requirement.  The Avis rental contract and purchase agreement for additional liability insurance (ALI) signed by Zavala Diaz have no such requirement for the delivery of suit papers and demand for a defense. (Doc 18, A2(a)(b)A4) (Appendix 2).

Consequently, Defendants are wrong about what the issue is in this case and therefore, wrong about what is relevant.  Federal Rule of Civil Procedure 26(b)(1) states that a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."  "Relevance" is an exceedingly low standard.  It includes "any matter that bears on, or that reasonably could lead to other material that could bear on, any issue that is or may be in the case."  *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005).  Issues that are definitely in the case are:

1. Whether Defendants wrongfully denied Zavala Diaz a defense in the underlying litigation; (considering that there is no such contractual requirement for delivery of suit papers)
2. Whether Defendants wrongfully denied indemnity to Zavala Diaz in refusing to pay the underlying judgment.

Issues that may be in the case are:

1. Whether Defendants acted in bad faith in denying Zavala Diaz a defense when they had actual notice of the suit and service of same;
2. Whether Defendants acted in bad faith in denying Zavala Diaz indemnity by refusing to pay the underlying judgment;
3. Whether Defendants acted in bad faith by refusing to settle the claim against Zavala Diaz when his liability had become reasonably clear.

Bad faith litigation is alive and well in Texas. *United States Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018), *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997), TEX. INS. CODE § 541.151.  Plaintiff should be allowed discovery into matters relevant to whether additional causes of action exist without resort to an additional lawsuit.  Even privileged materials may be discoverable where substantial need for the material exists and the party seeking discovery has an undue hardship in obtaining the information from any other source. *S.E.C. v. Brady*, 238 F.R.D. 429, 443 (N.D. Tex. 2006).

Plaintiff has substantial need for the discovery at issue because:

1. Zavala Diaz appears to be a foreign national whose specific whereabouts are unknown;

2. Defendants are the only known parties to any interaction with Zavala Diaz;

3. Defendants are the only known parties with access to litigation guidelines, claims handling manuals or claims file pertinent to Zavala Diaz;

4. Such documents are relevant to whether Defendants acted in compliance with their own established guidelines for handling catastrophic claims such as this one;

5. Deviation from their own established guidelines for catastrophic claims handling is relevant to potential claims for bad faith which Plaintiff now owns by virtue of the Turnover Order;

6. Loss reserves are relevant as to whether Defendants acted in accordance with their own litigation guidelines and whether they acted in bad faith in failing to settle claims against Zavala Diaz or at least provide him a defense. No Texas Court has held that loss reserves are not discoverable and one court remanded the issue to the trial Court for decision. *State Farm Mut. Auto. Ins. Co. v. Engelke*, 824 S.W.2d 747 (Tex. App. 1992).

Plaintiff moves this Court under Rule 37(a) of the Federal Rules of Civil Procedure for an order compelling Defendants to produce documents in response to his Requests for Production of Documents, his Subpoena Duces Tecum to the Deposition Notice of Amber Keever and answers to deposition questions and answers to Interrogatories. (Appendix 3 and 4).

1. This case currently has no trial setting; however, several Defendants have moved for Summary Judgment asserting that, as non-signatories to the Rental Agreement that is central to Plaintiff's case, Plaintiff has no standing to pursue breach of contract damages against them [Dkt. 44]. Defendants are wrong since Plaintiff obtained a post-judgment Turnover Order which transferred any causes of action belonging to Juan Pablo Zavala Diaz to Plaintiff (Appendix 1).

2. Plaintiff deposed Amber Keever, a witness (and affiant in support of summary judgment) identified by Defendants as having knowledge of relevant facts, on August 28, 2020. During the course of the deposition, it became clear that Keever had refreshed her memory with documents consisting of her claim file. The following excerpt clearly reveals that Keever reviewed the claims file to refresh her recollection.

   Keever, Amber (8/28/2020), (Page 8:8 to 8:13)
    9     Q. Okay. What have you done to prepare for your
   10   deposition today?
   11       A. Just *reviewed the file* because it's an old one

>  12   and it's been around for a long time, so I just tried *to*
>  13   *refresh my memory*.
> (Appendix 5)

However, Keever and her defense attorneys refused to produce the claim file in question.  (List of Claim File Records-Second Amended, Appendix 6).

3. Pursuant to the Court's Standing Order (Doc. 59), the parties have had several conferences and Exhibit 1 is Plaintiff's letter outlining the discovery disputes and legal authorities relied upon herein.  The Joint Status Report required by the Standing Order is attached hereto as Exhibit 2.

4. As outlined in Exhibit 1, Plaintiff seeks to compel the following:
   a) Amber Keever testimony and documents as follows:  Zavala Diaz claims file (Page 8:8 to 8:13), letter to ACE reporting traumatic brain injury (Pages 16:4 to 17:10), correspondence Keever received from ACE (Pages 21:8 to 22:20), litigation guidelines (Pages 21:8 to 22:20), amount of reserves for Zavala Diaz claim (Page 119:9 to 119:20), Zavala Diaz claims file, who she communicated with at ACE (Pages 23:17 to 25:10), Zavala claims file, who made coverage decisions (Page 27:3 to 27:14), litigation guidelines (Page 28:7 to 28:15), litigation guidelines (Page 29:10 to 29:19), portions of claim file to which no privilege asserted (Page 29:10 to 29:19), litigation guidelines (Page 45:1 to 45:7), Zavala Diaz claims file (Page 45:11 to 45:14), Zavala Diaz claims file (Pages 45:20 to 46:5), Zavala Diaz claims file (additional documents pertaining to coverage) (Page 54:6 to 54:14), litigation guidelines (witness does not remember whether this is the only claim ever denied for not delivering suit papers) (Page 69:2 to 69:12),  Zavala Diaz claims file (pertinent to his

cooperation) (Page 84:18 to 84:25), Zavala Diaz claims file (attempts by Keever and others to reach him) (Page 84:18 to 84:25), Zavala Diaz claims file (Pages 87:21 to 88:9), Zavala Diaz claims file (Page 90:4 to 90:13), Zavala Diaz claims file (did ACE know Zavala Diaz had been served but did not have a lawyer) (Pages 94:13 to 95:4), Zavala Diaz claims file)(whether notice of lawsuit was communicated, by and to whom) (Page 95:5 to 95:24), Avis lawyer states: MS. KNIGHT:  "**The key issue in this lawsuit is whether Zavala Diaz tendered the defense of the lawsuit to Sedgwick**, it's not whether ACE knew about a lawsuit."  Without access to the claims file, it is impossible for Plaintiff to determine whether Zavala Diaz (a foreign national) ever even knew about the existence of Sedgwick, much less an alleged duty to deliver suit papers to it. Plaintiff has further need for the Avis claims file on Zavala Diaz as follows:

> Keever testified that the claims file contains "one of the things on there is -- is, you know, different policies from ACE and different rental jackets from various states, et cetera."  (Pages 96:23 to 97:7)

Do these policies and rental jackets even say that renters like Zavala Diaz must deliver suit papers to receive a defense?  Plaintiff has a substantial hardship (if not impossible task) to obtain this information from any other source.  Defendants failed to point out with any specificity in the Joint Status Report how this information might be otherwise obtainable.

Keever was unable to positively aver that Zavala Diaz failed to contact ACE Insurance Co., deliver the suit papers to ACE or demand a defense from ACE.  Keever Depo, 13:6-14; 26:1-21; 79:17-80:14; 133:11-23; 154:21-155:4; 155:24-156:6; 172:1-173:22.  Without the claims file which Keever admittedly reviewed to refresh her memory, it is impossible for Plaintiff to establish that Zavala Diaz complied with some unwritten requirement to deliver the suit papers for a defense.

According to Defendants, this is the only obstacle to payment and resolution of the suit. It's an obstacle superimposed by Defendants, one not found in the rental agreement, insurance policy or Texas law. But it is clearly relevant to potential claims for breach of the duty of good faith and fair dealing. *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995).

Plaintiff has substantial need for the claims file because he does not know what all it contains which may bear on Defendants' obligations to indemnify Zavala Diaz and there is no other means of obtaining the information. (Keever depo Pages 149:11 to 150:3), Among the discoverable items denied to Plaintiff include: Keever claims that Avis has never been accused of breaching an indemnity obligation on any of her claims (witness credibility)(Keever Pages 152:18 to 154:6), the identity of the software used by the witness in adjusting claims and claim file notes about coverage (Pages 158:14 to 163:17), five page letter in claims file discussing coverage dated 2/9/2015, less than a month after the wreck (Pages 165:12 to 166:17), litigation guidelines (other persons with knowledge, whether departure from guidelines amounts to bad faith ) (Pages 183:23 to 189:13), and Zavala Diaz' claims file (whether anyone tried to contact him in his native country of Spain or if he contacted ACE) (Pages 191:8 to 195:20).

Virtually the entire claims file will reflect on Keever's credibility as a witness and there are obvious portions of the claims file which reflect on coverage for the judgment against Zavala Diaz.

b) Interrogatory numbers and any other objections which we find inappropriate:

11. State the date upon which you first anticipated litigation against you for collection of Plaintiff's judgment against Zavala Diaz and how said date was determined.

ANSWER:

Defendant objects to this request as irrelevant to any party's claim or defense and as not proportional to the needs of the case. Defendant claims the attorney-client privilege and non-core work product privilege. Subject to and without waiving the foregoing objection, as set forth in the deposition testimony of Amber Keever, in response to Plaintiff's counsel's

letter of representation dated January 22, 2015, a claim was opened on or about January 26, 2015 and litigation was anticipated at that time and has been ongoing since that time.

Defendant's amended answer fails to address the date this collection suit was anticipated

and remains unanswered (Appendix 7).

14. State the date that liability for Plaintiff's claims became reasonably clear and the facts which support same.

ANSWER:

Defendant objects to this interrogatory as irrelevant since the date of any liability analysis has no bearing on whether the renter complied with the terms of the ALI Policy and is irrelevant to any party's claim or defense and as not proportional to the needs of the case. Defendant further objects to this interrogatory to the extent it assumes that liability for Plaintiff's claims is reasonably clear.

18. Describe the amount of reserves established for Plaintiff's claim and any changes made thereto and the reasons for such changes.

ANSWER:

Defendant claims the non-core work product privilege. Defendant objects to this request as irrelevant to any party's claim or defense and as not proportional to the needs of the case.

19. State the name and address of any Avis customer who purchased ALI coverage and was subsequently denied a defense to a lawsuit within the last six years.

ANSWER:

Defendant objects to this interrogatory as overly broad and unduly burdensome. Over the course of the last six years, Defendant Avis has rented vehicles to many customers domestically and worldwide. Any such search, if even possible, would require an enormous amount of time and would require a manual search. Defendant objects to this interrogatory as irrelevant to any party's claim or defense and as not proportional to the needs of the case.

Requests 14, 18 and 19 are relevant to potential bad faith claims and whether Defendants

acted in compliance with internal policies and procedures or in accordance with their habit

or routine practice.

22. State the name and address of any individual involved in the sale of ALI coverage to Juan Pablo Zavala Diaz prior to his collision with Plaintiff.

ANSWER:

Defendant objects to this request as irrelevant because the identity of the rental counter employee is not relevant to any party's claim or defense and as not proportional to the needs of the case. Defendant objects to this request as unduly burdensome.

This is obviously relevant as to any representations made by Avis to Zavala Diaz, whether they were fraudulent and the identity of persons with knowledge of same.

24. State the names and addresses of any Avis' customers who have made complaints about your claims handling procedures involving ALI coverage and whether they resulted in communications with the Texas Department of Insurance.

ANSWER:

Defendant objects to this request as irrelevant because complaints about claims handling procedures on other matters, if any, are not relevant to any party's claim or defense and the request is not proportional to the needs of the case. Defendant objects to this request as harassing, overly broad and unduly burdensome. Any such search, if even possible, would require an enormous amount of time and a manual search.

This is relevant to course of conduct, habit and routine under FRE 406.

10. Second Amended Privilege Log

Item 1: Claim file pertaining to Zavala Diaz was reviewed by Keever prior to her deposition to refresh her recollection of a nearly six year old claim; relevant to first party issues of failure to defend and failure to indemnify which Plaintiff owns by virtue of Turnover Order (Appendix 1).

Item 2 is critical to our analysis of Defendants' opinions regarding coverage, whether they acted in accordance with those opinions or whether they acted in bad faith. This is essentially a first party claim, the same as if Zavala Diaz sued Avis. The settlement authority is critical to whether Zavala Diaz should already have a release instead of an unpaid judgment.

> Items 5 and 6 are relevant to O'Donnell's collection efforts and the interrelated obligations of Sedgwick and Ace. Any personal information about other claimants may be redacted.
>
> Items 7 and 8 appear highly critical to Plaintiff's claims and he has substantial need for information such as the results of contact with Zavala Diaz and the respective duties and obligations of the various defendants.

11. Second Amended List of Claim File Records (Appendix 6).

> For Item 1, FRE 612 controls and federal authorities interpreting same. Keever practically quoted that portion of the Rule which allows discovery of the subject claim file.
>
> Keever, Amber (8/28/2020), (Page 8:8 to 8:13)
> ```
>  9    Q.  Okay.  What have you done to prepare for your
> 10   deposition today?
> 11     A.  Just reviewed the file because it's an old one
> 12   and it's been around for a long time, so I just tried to
> 13   refresh my memory.
> ```
>
> For Item 2, we agree to waive any request for claimants other than Plaintiff. Items 4-7 fall into the FRCP 26(b)(c) exception of substantial need/undue hardship.

12. Requests for Production, in addition to our issues with claims of attorney-client privilege and work product privilege, we take issue with the following additional objections:

6. Any and all bodily injury claims handling guidelines or manuals utilized by you within the last six years.

RESPONSE: Defendant objects to this Request as vague, nonspecific, unduly burdensome, and harassing. Defendant also objects to this Request as irrelevant to any party's claim or defense and because it is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Request has no bearing on whether Plaintiff is entitled to recover under the terms of the Rental Agreement or the ALI Policy. Thus, the requested documents

have no value in resolving the issues before the Court.

7. Any and all internal policies and procedures for adjusting claims involving Defendants' customers who are foreign nationals.

RESPONSE: Defendant objects to this Request as vague, nonspecific, unduly burdensome, and harassing. Defendant also objects to this Request as irrelevant to any party's claim or defense and because it is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Request has no bearing on whether Plaintiff is entitled to recover under the terms of the Rental Agreement or the ALI Policy. Thus, the requested documents have no value in resolving the issues before the Court.

8. Any and all reserves established for Plaintiff at any time.

RESPONSE: Defendant claims the non-core work product privilege. Defendant objects to this Request on grounds that it is vague. It is unknown what Plaintiff means by "reserves." Defendant further objects to this Request as irrelevant to any party's claim or defense and because it is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Request has no bearing on whether Plaintiff is entitled to recover under the terms of the Rental Agreement or the ALI Policy. Thus, the requested documents have no value in resolving the issues before the Court.

Requests 6-8 are relevant to potential bad faith and or statutory claims under Texas law.

9. Any and all reinsurance policies which pertain to Plaintiff's judgment against Zavala Diaz or the present suit against you.

RESPONSE: Defendant objects to this Request as vague, nonspecific, unduly burdensome, and harassing. Defendant also objects to this Request as irrelevant to any party's claim or defense and because it is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Request has no bearing on whether Plaintiff is entitled to recover under the terms of the Rental Agreement or the ALI Policy. Thus, the requested documents have no value in resolving the issues before the Court.

Any and all insurance should be provided, not just what the Defendants deem appropriate.

10. The claims files of those Avis customers identified in Interrogatory 19 (with personal information redacted).

RESPONSE: Defendant objects to this Request as overbroad and unduly burdensome. Defendant also objects to this Request as irrelevant to any party's claim or defense in that no other customer's experience with ALI coverage bears any relation to the legal and factual issues present in this case. Thus, the requested documents have no value in resolving the issues before the Court.

This request is relevant to determine whether the claim against Zavala Diaz was handled in accordance with internal policies and procedures or whether bad faith was involved.

11. Any and all regulatory and underwriting files which pertain to the ALI provisions in the Zavala Diaz rental agreement whether proposed, adopted or otherwise utilized.

RESPONSE: Defendant objects to this Request as vague, nonspecific, unduly burdensome, and harassing. Defendant also objects to this Request as irrelevant to any party's claim or defense and because it is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Request has no bearing on whether Plaintiff is entitled to recover under the terms of the Rental Agreement or the ALI Policy. Thus, the requested documents have no value in resolving the issues before the Court.

This request is relevant as to whether the State of Texas had approved or rejected Avis' insurance terms and conditions and if rejected would certainly bear on the issue of Avis' bad faith claims handling.

12. All electronically stored data which reflect the number and identity of lawsuits filed against Avis customers who purchased ALI but were denied a defense.

RESPONSE: Defendant objects to this Request as vague, unduly burdensome, and harassing. Defendant also objects to this Request as irrelevant to any party's claim or defense and because it is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, information regarding other lawsuits filed against Avis customers who purchased ALI has no bearing on whether Plaintiff is entitled to recover under the terms of the Rental Agreement or the ALI Policy. Thus, the requested documents have no value in resolving the issues before the Court.

13. All claim files (with personal information redacted) handled by Amber Keever in which an Avis customer purchased ALI but was refused a defense to a lawsuit within the last seven years.

RESPONSE: Defendant objects to this Request as irrelevant to any party's claim or defense and because it is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, information regarding other claims handled by Amber Keever has no bearing on whether Plaintiff is entitled to recover under the terms of the Rental Agreement or the ALI Policy. Thus, the requested documents have no value in resolving the issues before the Court.

This request directly confronts the credibility of Keever who blatantly claimed that no other

file she had ever handled involved allegations of breach of the insuring agreement sold by Avis. If false, none of Defendants' claims may be believed.

15. Any and all communications with the Texas Department of Insurance seeking approval of Avis' ALI coverage, self-insured certificate or complaints about its claims handling practices.

RESPONSE: Defendant objects to this Request as vague, nonspecific, unduly burdensome, and harassing. Defendant also objects to this Request as irrelevant to any party's claim or defense and because it is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Request has no bearing on whether Plaintiff is entitled to recover under the terms of the Rental Agreement or the ALI Policy. Thus, the requested documents have no value in resolving the issues before the Court.

This request directly confronts the credibility of Keever who blatantly claimed that no other file she had ever handled involved allegations of breach of the insuring agreement sold by Avis. It is also relevant to the issue of bad faith claims handling.

Keever deposition at page 153:
19     Q. Avis has never been accused of breaching a
20   contract or paying damages as a result of breaching a
21   rental agreement?
22     A. Not that I'm aware of. Not on any of my
23   claims.

16. Any statistics reflecting the number of claims against Defendants' customers who purchased ALI coverage and were denied a defense to a lawsuit.

RESPONSE: Defendant objects to this Request as vague, nonspecific, unduly burdensome, and harassing. Defendant also objects to this Request as irrelevant to any party's claim or defense and because it is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Request has no bearing on whether Plaintiff is entitled to recover under the terms of the Rental Agreement or the ALI Policy. Thus, the requested documents have no value in resolving the issues before the Court.

17. Any and all documents reflecting the drafting history of the Avis rental agreement signed by Zavala Diaz and the ALI provisions contained therein.

RESPONSE: Defendant objects to this Request as unduly burdensome and harassing. Defendant also objects to this Request as irrelevant to any party's claim or defense and because it is not reasonably calculated to lead to the discovery of admissible evidence.

Specifically, the Request has no bearing on whether Plaintiff is entitled to recover under the terms of the Rental Agreement or the ALI Policy. Thus, the requested documents have no value in resolving the issues before the Court.

Requests 17 and 18 are relevant to potential claims for bad faith claims handling and statutory violations of sections 542.051-.061 of the Texas Insurance Code known as the Prompt Pay Act.

> 18. Any and all law firm billing audits pertaining to defense of Plaintiff's claims.

RESPONSE: Defendant objects to this Request as vague, overbroad, nonspecific, unduly burdensome, and harassing. It is unknown what "law firm" Plaintiff refers to. It is also unclear what Plaintiff means by "billing audits." To the extent Plaintiff seeks such information from the law firm of Defendant's attorneys, Defendant further objects to the Request on grounds that it violates the attorney-client privilege and attorney work product doctrine. Defendant also objects to this Request as irrelevant to any party's claim or defense and because it is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Request has no bearing on whether Plaintiff is entitled to recover under the terms of the Rental Agreement or the ALI Policy. Thus, the requested documents have no value in resolving the issues before the Court.

Law firm billing audits constitute a waiver of attorney-client privilege and are relevant to which entity is entitled to assert the privilege.

5. Defendants assert privileges for work product and attorney-client communications. (See deposition transcript and Response to Subpoena Duces Tecum and answers to discovery). It is well settled that an attorney's work product and mental impressions are protected from discovery. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). However, raw factual data is not protected by the work product privilege. *In re Green Grand Jury Proceedings*, 492 F.3d 976, 980 (8th Cir. 2007).

6. Furthermore, upon a showing of good cause, "the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.*; see also *SEC v. Amerifirst Funding, Inc.*, Civ. A. No. 3:07-CV-1188-D, 2008 WL 926587, at *2 (N.D. Tex. Apr. 7, 2008) (Fitzwater, J.).

7. If a party refuses to disclose discoverable material in accordance with this Rule, Rule 37(a) of the Federal Rules of Civil Procedure allows an opposing party to move to compel disclosure of discoverable materials. The moving party must demonstrate that the materials requested are relevant to a party's claim or defense or will lead to the discovery of admissible evidence. See *Amerifirst Funding*, 2008 WL 926587, at *2. The burden then shifts to the nonmoving party to demonstrate "why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted." *Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 559 (N.D. Tex. 2010). In so doing, the nonmoving party must "[i]n a nonconclusory fashion . . . show specifically how each document request is overly broad, burdensome, or oppressive." *Id*. (emphases added). The nonmoving party may not satisfy its burden with "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (quoting *Burkybile v. Mitsubishi Motors Corp.*, No. 04 C 4932, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006)).

They are also either admissible or are reasonably calculated to lead to the disclosure of relevant evidence. See *Datapoint Corp. v. Picturetel Corp.*, No. Civ. A. 3:93-CV-2381D, 1998 WL 25536, at *2 (N.D. Tex. Jan. 14, 1998) (Fitzwater, J.) ("It is well-settled at common law that evidence of witness bias or prejudice is admissible evidence.") (citing *United States v. Abel*, 469 U.S. 45, 50-51 (1984)).

Defendants make no attempt whatsoever to explain how its numerous general objections apply to Plaintiff's individual document requests. The Court should therefore disregard them in their entirety. *See DL v. Dist. of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling party's general objections in their entirety when party made no attempt to explain how the objections applied to specific document requests). Neither Plaintiff nor the Court should be forced to do the Defendants' job by speculating as to how the general objections apply to every single one of Plaintiff's Requests.

'A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.'" *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (quoting *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004), and citing cases).

Defendants assert attorney-client privilege, work-product protection. They have not, however, explained how these privileges apply. A party may not simply make a blanket assertion of privilege giving the Court and opposing parties no basis to evaluate its claim. *See United Investors Life Ins. Co. v. Nationwide Life Ins. Co.*, 233 F.R.D. 483, 486 (N.D. Miss. 2006) ("Blanket assertions of a privilege are unacceptable, and the court and other parties must be able to test the merits of a privilege claim.") (citing *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982)). The Court should thus reject these bases for refusing to produce documents.

Defendants' reliance on the work-product doctrine is still misplaced because extraordinary circumstances are still present in this case, because Plaintiff has a compelling need to review materials that bear heavily on the credibility of the Defendant' witnesses, and because the information Plaintiff seeks is simply not available elsewhere. The documents that Plaintiff seeks are relevant and material to Plaintiff's attempts to satisfy an unpaid judgment, and are justified by

his standing as owner of first party claims by virtue of the Court's Turnover Order. The relevant matter here – the maintenance of the two investigations by Avis, Sedgwick and Ace coordinated with HOAF and the relationship between them – also places the conduct of various attorneys at issue including but not limited to Katherine Knight, and the Defendants should not be able to hide behind the work-product privilege when the conduct of its personnel undergirds the relevant issue. *See, e.g.*, *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, Civ. No. 88-9752, 1993 WL 106429, at *3-4 (E.D. Pa. Mar. 30, 1993) (work-product privilege does not protect materials "which concern[] activities of counsel that are directly at issue").

Plaintiff thus has a compelling need for these documents, which bear directly on the credibility of the Defendants' key witness – a witness upon whose testimony the entire case may depend. No substitute evidence can supply equivalent information about the circumstances surrounding the communications with the judgment debtor Zavala Diaz, and what effect the investigation may have had on the testimony of Amber Keever. And because the documents are not available from any source other than directly from the Defendants, Plaintiff would have an obvious undue hardship finding them elsewhere. The Court should therefore compel the production of the documents in question.

Plaintiff specifically moves to compel three categories of materials: all non-privileged portions of the Avis/Sedgwick investigative claims file, all documents pertinent to potential claims for bad faith and/or violations of the Texas Prompt Pay Act and a privilege log that not only lists the privileged documents in the Avis/Ace/Sedgwick investigative files, but explains the basis for the Defendants' assertion of privilege.

Are Defendants correct that the only issue in the case is whether Zavala Diaz delivered suit papers and demanded a defense? Nothing in the Avis rental agreement suggests that and Plaintiff

has a substantial need to review the claims file to make that determination. There is no other source for such information. Are Defendants wrong and instead guilty of bad faith claims handling practices? These questions cannot be answered without access to the full investigative claims file. (with attorney opinions redacted) The claims file and other requested documents are particularly relevant to the credibility of the Defendants' key witness, Amber Keever. A quick search of Pacer reveals that Keever is a repeat witness for Defendants casting doubt on her assertion that none of her claims ever involved allegations of breach of the insuring agreement sold by Avis. Keever's credibility is critical and her willingness to lie for her employer or their customers is in question. Plaintiff cannot fully assess this situation without access to the full investigative claims file. (with attorney opinions redacted)

The requested documents are also either admissible or are reasonably calculated to lead to the disclosure of relevant evidence. *See Datapoint Corp. v. Picturetel Corp.*, No. Civ. A. 3:93-CV-2381D, 1998 WL 25536, at *2 (N.D. Tex. Jan. 14, 1998) (Fitzwater, J.) ("It is well-settled at common law that evidence of witness bias or prejudice is admissible evidence.") (citing *United States v. Abel*, 469 U.S. 45, 50-51 (1984)).

Defendants make no attempt whatsoever to explain how its numerous general objections apply to Plaintiff's individual document requests. The Court should therefore disregard them in their entirety. *See DL v. Dist. of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling party's general objections in their entirety when party made no attempt to explain how the objections applied to specific document requests).

8. The parties have been unable to reach an amicable resolution to this limited discovery issue and request the Court's intervention.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon submission of this motion, the court Compel Plaintiff's document production in Keever's subpoena duces tecum, the claims file reviewed by Keever to refresh her memory, the answers to deposition questions, interrogatories and documents enumerated in Plaintiff's Requests for Production within thirty days and for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

*/s/ Jay C. English*
**Jay C. English**
State Bar No. 06625290
jenglish@englishpllc.com
**ENGLISH LAW GROUP, P.L.L.C.**
12222 Merit Dr., Suite 1200
Dallas, TX 75251
Phone: 214-528-3200
Fax: 972-733-1335
**ATTORNEYS FOR THE PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2020, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to all attorneys of record.

*/s/ Jay C. English*
Jay C. English

## CERTIFICATE OF CONFERENCE

I hereby certify that October 28 and 29, 2020, Katherine Knight and Scott Perry conferred about discovery matters. Progress was made and many Requests for Admission were withdrawn but the remaining matters still require Court attention. The Joint Status Report further details efforts to narrow the discovery disputes. Matters upon which no agreement could be reached are being submitted to the Court for determination.

*/s/ Jay C. English*
Jay C. English