IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID O'DONNELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AVIS RENT A CAR SYSTEM, LLC; | § | |
| AVISBUDGET CAR RENTAL, LLC; | § | CIVIL NO. 3:19-cv-02687-S |
| AVIS BUDGET GROUP, INC.; | § | |
| AB CAR RENTAL SERVICES, INC.; | § | |
| PV HOLDINGS, INC.; ACE AMERICAN | § | |
| INSURANCE COMPANY; AND | § | |
| SEDGWICK CLAIMS MANAGEMENT | § | |
| SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY
(DEPOSITION TESTIMONY, PRODUCTION OF DOCUMENTS AND
INTERROGATORY ANSWERS)**

TO THE HONORABLE COURT:

  Comes now Plaintiff who files this Brief in Support of Motion to Compel Discovery from Defendants and their witness Amber Keever (witness produced on behalf of Defendant Sedgwick Claims Management Services, Inc.) and in support thereof would show as follows:

1. This case currently has no trial setting in place; however, several Defendants have moved for Summary Judgment asserting that, as non-signatories to the Rental Agreement that is central to Plaintiff's case, Plaintiff has no standing to pursue breach of contract damages against them [Dkt. 44]. Defendants are wrong since Plaintiff obtained a post-judgment Turnover Order which transferred any causes of action belonging to Juan Pablo Zavala Diaz to Plaintiff (Appendix 1).

2. Plaintiff believes that viable claims for breach of the duty of good faith and fair dealing will be revealed by the requested discovery.  Judicial economy is best served if Plaintiff is allowed discovery in this suit as opposed to reliance on additional litigation for claims that may involve punitive damages, treble damages or legal fees.  The Court is well positioned to determine which discovery materials are admissible.  Plaintiff seeks the truth.

3. Under the current state of pleadings, this is a suit to collect a two million dollar judgment in an underlying tort suit (Appendix 1).  Plaintiff has standing to pursue ***first party claims*** against Defendants by virtue of a Turnover Order in the underlying litigation.  These claims would include failure to provide a defense in the underlying tort case and failure to indemnify the judgment-debtor (Zavala Diaz).  Depending upon the requested discovery, common law and statutory claims may also be appropriate.

4. **Defendants** have repeatedly asserted that the only issue in this case is whether Zavala Diaz delivered suit papers and demanded a defense.  The Texas Supreme Court has held that such conduct is mandatory ***where the policy requires it***.  *National Union Fire Ins. v. Crocker*, 246 S.W.3d 603, 51 Tex. Sup. Ct. J. 518 (Tex. 2008).  The Court in *Crocker* was strictly interpreting the policy provisions before it and not making any broad pronouncements about duties in all lawsuits involving insurance.  Defendants cannot point to any similar policy provisions in the case at bar which would require Zavala Diaz to deliver suit papers and demand a defense to trigger a duty to defend or indemnify.  There was no dispute in *Crocker* that the policy involved required delivery of suit papers and that such condition was not met.

5. However, in the absence of policy language requiring delivery of suit papers there is no legal authority to support Avis' position that it could stand by and watch a multi-million dollar judgment be taken against Zavala Diaz without consequence.

6. Plaintiff stands in the shoes of Zavala Diaz by virtue of the Court's Turnover Order. This includes the right to sue for Defendant's failure to defend and indemnify. A liability insurer is obligated to defend a suit if the facts alleged in the pleadings would give rise to any claim within the coverage of the policy. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.,* 939 S.W.2d 139, 141 (Tex. 1997). Plaintiff's tort suit undoubtedly alleged facts which gave rise to covered claims under the Avis rental agreement and concurrent purchase of additional liability insurance.

7. Defendants certainly had the right to seek declaratory judgment of their rights and obligations under *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex.1996). See also *Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997).

8. However, they failed or refused to do so. Thus, Defendants' decision to deliberately stand by and watch their insured suffer a multi-million dollar judgment subjects them to discovery for bad faith claims handling and statutory violations of TEX. INS. CODE § 541.151. (Prompt Payment Act) The wrongful failure to defend has been held to violate the prompt-payment statute in *Lamar Homes, Inc. v. Mid-Continent Cas. Co.,* 242 S.W.3d 1, 11 (Tex.2007). If Defendants had no legal justification to deny a defense to Zavala Diaz, they have committed a breach of contract and violated the prompt-payment statute.

9. Defendants obviously did not defend Zavala Diaz. Was such conduct justified by contract, statute or case law? Was Defendants' failure to defend Zavala Diaz based

solely upon their unjustified extension of *Crocker* to policies which did **not** require delivery of suit papers? If so, Plaintiff believes that bad faith claims and statutory claims are ripe for adjudication and will seek leave to amend accordingly.

10. Bad faith litigation is alive and well in Texas. *United States Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018), *Universe Life Ins. Co. v. Giles* , 950 S.W.2d 48, 56 (Tex. 1997), *Republic Ins. Co. v. Stoker* , 903 S.W.2d 338, 340 (Tex. 1995). Plaintiff's discovery requests are relevant to such causes of action and Plaintiff is unable to obtain the information from any other source. "Relevance" is an exceedingly low standard. It includes "any matter that bears on, or that reasonably could lead to other material that could bear on, any issue that is or may be in the case." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005).

11. Plaintiff deposed Amber Keever, a witness identified by Defendants as having knowledge of relevant facts, on August 28, 2020. During the course of the deposition, it became clear that Keever had refreshed her memory with documents consisting of her claim file. However, Keever and her defense attorneys refused to produce the documents in question.

12. Fed.R.Evid. 612 allows us to obtain discovery of materials reviewed by a witness like Amber Keever who admitted reviewing the claims file for her deposition. In support of our position, *Nutramax Laboratories, Inc., v. Twin Laboratories, Inc.*, 183 F.R.D. 458 (Md. 1998) is perhaps the best discussion of competing interests which in this case favor discovery. Locally, see also *Smith v. Smith*, 154 F.R.D. 661, (N.D.Tex.1994), *United States v. Mobil Corp*., 149 F.R.D. 533, (N.D.Tex.1993), *In re LTV Sec. Litig.*, 89 F.R.D. 595, (N.D.Tex.1981), *Hodges, Grant & Kaufmann v. United States*, 768 F.2d

719, 721 (5th Cir.1985) and *Fisher v. United States*, 425 U.S. 391. Additional authorities include *Robinson v. Texas Automobile Dealers Assoc.*, 214 F.R.D. 432 (E.D. Tex. 2003), *United States v. El Paso Co.*, 682 F.2d 530 (5th Cir. 1982), Federal Rule of Civil Procedure 26(b), Federal Rule of Evidence 406, Federal Rule of Evidence 612.

13. Defendants' assert privileges for work product and attorney-client communications. (See deposition transcript and Response to Subpoena Duces Tecum and answers to discovery). It is well settled that an attorney's work product and mental impressions are protected from discovery. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). However, raw factual data is not protected by the work product privilege. *In re Green Grand Jury Proceedings*, 492 F.3d 976, 980 (8th Cir. 2007).

14. Furthermore, upon a showing of good cause, "the court may order discovery of any matter relevant to the subject matter involved in the action." Id.; see also *SEC v. Amerifirst Funding,Inc.*, Civ. A. No. 3:07-CV-1188-D, 2008 WL 926587, at *2 (N.D. Tex. Apr. 7, 2008) (Fitzwater, J.).

15. If a party refuses to disclose discoverable material in accordance with this Rule, Rule 37(a) of the Federal Rules of Civil Procedure allows an opposing party to move to compel disclosure of discoverable materials. The moving party must demonstrate that the materials requested are relevant to a party's claim or defense or will lead to the discovery of admissible evidence. See *Amerifirst Funding*, 2008 WL 926587, at *2. The burden then shifts to the nonmoving party to demonstrate "why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted." *Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 559 (N.D. Tex. 2010). In

so doing, the nonmoving party must "[i]n a nonconclusory fashion . . . show specifically how each document request is overly broad, burdensome, or oppressive." *Id*. (emphases added). The nonmoving party may not satisfy its burden with "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (quoting *Burkybile v. Mitsubishi Motors Corp.*, No. 04 C 4932, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006)).

The requested discovery materials are also either admissible or are reasonably calculated to lead to the disclosure of relevant evidence. *See Datapoint Corp. v. Picturetel Corp.*, No. Civ. A. 3:93-CV-2381D, 1998 WL 25536, at *2 (N.D. Tex. Jan. 14, 1998) (Fitzwater, J.) ("It is well-settled at common law that evidence of witness bias or prejudice is admissible evidence.") (citing *United States v. Abel*, 469 U.S. 45, 50-51 (1984)).

'A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.'" *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (quoting *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004), and citing cases).

Defendants' reliance on the work-product doctrine is still misplaced because extraordinary circumstances are still present in this case, because Plaintiff has a compelling need to review materials that bear heavily on the credibility of the Defendant' witnesses, and because the information Plaintiff seeks is simply not available elsewhere. The documents that Plaintiff seeks are relevant and material to Plaintiff's attempts to satisfy an unpaid judgment, and are justified by

his standing as owner of first party claims by virtue of the Court's Turnover Order. The relevant matter here – the maintenance of the two investigations by Avis/Sedgwick and Ace coordinated with HOAF and the relationship between them – also places the conduct of various attorneys at issue including but not limited to Katherine Knight, and the Defendants should not be able to hide behind the work-product privilege when the conduct of its personnel undergirds the relevant issue. *See, e.g.*, *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, Civ. No. 88-9752, 1993 WL 106429, at *3-4 (E.D. Pa. Mar. 30, 1993) (work-product privilege does not protect materials "which concern[] activities of counsel that are directly at issue").

Plaintiff thus has a compelling need for these documents, which bear directly on the credibility of the Defendants' key witness – a witness upon whose testimony the entire case may depend. No substitute evidence can supply equivalent information about the circumstances surrounding the communications with the judgment debtor Zavala Diaz, and what effect the investigation may have had on the testimony of Amber Keever. And because the documents are not available from any source other than directly from the Defendants, Plaintiff would have an obvious undue hardship finding them elsewhere. The Court should therefore compel the production of the documents in question, re-open the deposition of Keever and require Avis to answer the interrogatories in question .

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon hearing this motion, the court grant Plaintiff's Motion to Compel Discovery in full and for such other and further relief to which he may show himself justly entitled.

        Respectfully submitted,

        */s/ Jay C. English*
        **Jay C. English**
        State Bar No. 06625290
        jenglish@englishpllc.com
        **ENGLISH LAW GROUP, P.L.L.C.**
        12222 Merit Dr., Suite 1200
        Dallas, TX 75251
        Phone: 214-528-3200
        Fax: 972-733-1335
        **ATTORNEYS FOR THE PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on December 10, 2020, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to all attorneys of record.

        */s/ Jay C. English*
        Jay C. English