IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID O'DONNELL,           § <br> § <br> Plaintiff,           § <br> § <br> v.           § <br> § <br> AVIS RENT A CAR SYSTEM, LLC; § <br> AND ACE AMERICAN INSURANCE § <br> COMPANY           § <br> § <br> Defendants.           § | CIVIL NO. 3:19-cv-02687-S-BK |

**DEFENDANT AVIS RENT A CAR SYSTEM, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PORTIONS OF THE MAGISTRATE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL (DKT. 119) AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Avis Rent A Car System, LLC ("Avis") ("Defendant Avis" or "Avis") files its Reply to Plaintiff's Response to Defendant's Objections to Portions of the Magistrate's Order on Plaintiff's Motion to Compel (Dkt. 119) and Brief in Support ("Response"), pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Avis shows the Court the following:

**SUMMARY OF ARGUMENT**

At its core this lawsuit centers on Plaintiff's (baseless) argument that the Rental Agreement is the insurance policy, thus avoiding the bar to his claims imposed by conditions precedent contained in the ALI Policy. Defendant's Objections to the discovery ordered to be produced pursuant to the newly-asserted claims in the Third Amended Complaint should be sustained. Dkt. 122. Defendant requests oral argument on this motion.

In his Response Plaintiff David O'Donnell ("Plaintiff") argues that the discovery requests are relevant to his causes of action for (1) a violation of Tex. Ins. Code Sec. 542.001 et seq. (Prompt Pay Act); (2) *Stowers* violation and civil conspiracy and joint venture; (3) a violation of Tex. Ins. Code Sec. 541.001 et seq.; (4) a violation of Tex. Bus. & Com. Code Sec. 17.41 et seq (Texas Deceptive Trade Practices Act); (5) a violation of the Tex. Admin. Code Sec. 21.203.  As set forth in the Objections, Dkt. 122, and in Defendants' Partial Motion to Dismiss, Dkt. 117, none of these causes of action are available to Plaintiff, a judgment creditor or turnover assignee of a defaulting judgment debtor, as a matter of law.  Because the causes of action are not applicable as a matter of law, Plaintiff's discovery requests seek irrelevant information.  Portions of the Magistrate's Order are, therefore, in error.

## ARGUMENTS AND AUTHORITIES

**1. Plaintiff's claim for a violation of Tex. Ins. Code Sec. 542.001, the Prompt Pay Act, is not applicable**.

The Prompt Pay Act imposes a duty on insurers to promptly pay a "first party claim."  Tex. Ins. Code Sec. 542.001; Sec. 542.057.  Neither the statute nor case law impose a duty on a third party insurer to promptly pay claims made by third parties.  The statute defines "claim" as follows:

> In this subchapter:
> …
> (2) "Claim" means a first-party claim that:
>
> (A)   <u>is made by an insured</u> or policy holder under an insurance policy or contract or by a beneficiary named in the policy or contract; <u>and</u>
>
> (B)   <u>must be paid by the insurer directly to the insured</u> or beneficiary.

Tex. Ins. Code Sec. 542.051(2).

The ALI Policy does not contain a duty to defend nor does it contain any obligation to pay any benefit "directly to" Zavala Diaz.

2

Most importantly, Zavala Diaz has no statutory claim against the rental car company or the insurer because coverage was never triggered in the first place. In a suit to recover on an insurance contract, the insured bears the initial burden of showing that there is coverage. *Vizza Wash, LP, v. Nationwide Mutual Insurance Co.*, 496 F.Supp.3d 1029, 1041-42 (W.D. Tex. 2020). In *Vizza Wash*, the court held that an insured cannot recover any damages based on an insurer's alleged statutory violation unless the insured establishes a right to receive benefits under the policy or an independent injury caused by the insurer's conduct. *Id.* (citing *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018)). In *Vizza Wash*, the court dismissed plaintiff's claims for breach of contract, extra-contractual claims for statutory violations, and conspiracy and further denied leave to amend based on futility. *Id.* at 1041-43.[1]

The case cited by Plaintiff, *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1 (Tex. 2007) involved a wholly different fact scenario than the one presented here, yet consistent with the Prompt Pay Act. *Lamar Homes* held that an insured's "first party" claim for his own defense costs under a third party liability insurance policy was subject to the Prompt Pay Act. *Id.* at 17. In *Lamar Homes*, the insurer wrongfully refused to defend the insured who incurred attorney's fees in defending claims by a third party claimant. *Id.* at 17. The Texas Supreme Court reiterated the first party/third party distinction by stating that a "first party claim is stated when 'an insured seeks recovery for the insured's own loss," whereas a third-party claim is stated when 'an insured seeks

---

[1] To recover under a liability insurance policy, a judgment creditor must show that the insured complied with the conditions precedent and terms of the policy. *State Farm Lloyds Ins. Co. v. Maldonado*, 963 S.W.2d 38, 40 (Tex. 1998); see also, *SingleEntry.com, Inc. v. St. Paul Fire & Marine Ins. Co.*, 117 Fed. Appx. 933, at *1 (5th Cir. 2004) (the judgment creditor steps into the shoes of the insured). Notice and cooperation provisions serve as conditions precedent to coverage and the insured has the burden of demonstrating satisfaction of those conditions. *Progressive County Mut. Ins. Co. v. Trevino*, 202 S.W.3d 811, 816 (Tex. App.—San Antonio 2006, pet. denied). Plaintiff has not and cannot demonstrate that Zavala Diaz complied with the notice and cooperation conditions precedent contained in the ALI Policy.

coverage for injuries to a third party." *Id*. Plaintiff's claim for payment of the judgment he has against Zavala Diaz is a third party claim. That claim does not morph into a first party claim imposing new obligations on the insurer simply because a turnover order has been issued.

Plaintiff's reliance on *Lamar Homes* does not support his claims on behalf of Zavala Diaz under the Turnover Order. Plaintiff argues that Zavala Diaz's claim that the third party insurer promptly pay *Plaintiff's* claim is a "first party claim." The argument is patently wrong because the "claim" against the third party liability policy was *Plaintiff's* loss, not Zavala Diaz's loss. Any suggestion that the third party insurance policy provided coverage for Zavala Diaz causing his own default judgment is absurd. The Prompt Pay Act does not apply to a third party liability insurer for a claim by the third party's loss. Plaintiff cannot manufacture a first party claim by asserting that Zavala Diaz is owed the amount that Plaintiff recovered in the default judgment. Zavala Diaz, as the would-be insured, suffered no loss that could form the basis of a "first party claim." Any demand by the insured to settle the third party claimant's claim would fall under the *Stowers* rubric. The Discovery Requests are therefore irrelevant.

**2. Plaintiff fails to support his claim that a *Stowers* claim is relevant**.

In support of his claim that a *Stowers* claim is available to Zavala Diaz and his discovery is therefore relevant, Plaintiff cites another case that is readily distinguishable on its facts, *Seguros v. Maynard Bostrom & James L. Jernigan*, 347 F.2d 168 (5th Cir. 1965). That case held that a judgment creditor, *following a trial*, had a right of action, not pursuant to *Stowers*, but pursuant to his status as a judgment creditor, directly against the insurance company. *Id*. at 172. The court rejected the judgment creditor's argument that the insurance company should be liable for the full amount of the judgment, but instead permitted recovery up to the policy limits, i.e., $5,000. *Id*. at

4

182. Most importantly, in *Seguros*, the insurer wrongfully refused to defend its insured who appeared at trial to defend the case and did not default, like Zavala Diaz did.

In connection with his *Stowers* claim, Plaintiff asserts he has a valid claim for civil conspiracy and joint venture. Dkt. 125, pg. 5. For the reasons set forth in *Vizza Wash*, Zavala Diaz has no valid extra-contractual tort claims for civil conspiracy or joint venture. Id., 496 F. Supp. 3rd at 1042 (plaintiff's conspiracy allegation against his property and casualty insurer dismissed for failure to identify the insurer's participation in a tort).

**3. Tex. Admin. Code Sec. 21.203 does not provide a cause of action to a private party**.

None of the three cases cited by Plaintiff support his argument that Tex. Admin. Code Sec. 21.203 provides a private right of action. The *Great American Ins. Co.* case merely cites the statute but does not even discuss whether a private right of action is permitted or was even asserted in that case. *Great American Ins. Co. v. Compass Well Servs., LLC*, 2020 WL 7393321 at *16 (Tex. App.—Fort Worth, Dec. 17, 2020, pet. filed). The opinion in *Green v. Allstate Fire & Cas. Ins. Co.*, 2019 WL 2744183 at *1 (W.D. Tex., July 1, 2009) did not state that any such cause of action under the Texas Administrative Code existed, only that the plaintiff had alleged same. *Tommaso v. State Farm Lloyds*, 2016 WL 6883042 (S.D. Tex., Sept. 28, 2016) held that the plaintiff failed to state a claim under the Texas Administrative Code, but did not suggest that any such claim existed. The *Tommaso* court held that any such Texas Administrative Code claim is a Tex. Ins. Code Sec. 541.001(a)(1) claim "in other clothing." *Id.* at *5. If that is true, then, like a Sec. 541 claim, a Texas Administrative Code claim would not be assignable. See, *Vinson & Elkins v. Moran*, 946 S.W.2d 381, 390, fn. 3 (Tex. App.—Houston [14th Dist.], writ dism'd) (Though assignment and turnover are different, the public policy concerns that would bar voluntary assignment also oppose forced transfer through turnover). *Tommaso*, like the other cases cited by

Plaintiff, do not support his argument that the Texas Administrative Code provides a private right of action. As such, the Discovery Requests are irrelevant to the same.

4. **Without citing any authority, Plaintiff claims that turnover orders are separate from an assignment of a cause of action, so his Sec. 541 claim was not technically "assigned" through the Turnover Order.**

Plaintiff vacillates between arguing that he has standing in his own right to sue the insurance company of a defaulting judgment debtor and that he has standing pursuant to the Turnover Order. Nevertheless, either way, Plaintiff has no right to a Chapter 541 claim. With respect to his claim under Tex. Ins. Code Sec. 541.001 et seq., providing for statutory "bad faith" and similar claims, he does not appear to take issue with the fact that the claims are not assignable. Dkt. 125, pg. 6-7. Instead, he argues that an assignment and a turnover are two different things. Plaintiff ignores the principal that public policy concerns that would bar voluntary assignment would also bar turnover. See, *Vinson & Elkins*, 946 S.W.2d at 390, fn. 3.

The Turnover Order here, like the turnover order in *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, at *15 (Tex. App.—Dallas Jan. 8, 2020, no pet.) (mem. op.) (trial court erred in ordering the turnover of Chapter 541 claims to receiver) turned over causes of action, i.e., "any and all interest in legal claims that Juan Pablo Zavala Diaz may have against any party…" See, Dkt. 124, Plaintiff's Appx. 006. Distinctly, the court held that "[W]e conclude that the turnover order is void with respect to the turnover of Goin's Chapter 541 claim, and the district court abused its discretion in ordering the turnover of this claim. Moreover, the Receiver lacks standing to pursue the claim." *Id.* The turnover of an assignment of a Section 541 claim is not permissible.

Plaintiff's argument that the holding in *Great American Ins. Co. v. Hamel*, 525 S.W.3d 655 (Tex. 2017) affects the outcome of this case is completely off-base. The court in *Hamel*, 525 S.W.3d 655 (Tex. 2017) considered an assignment of an insured's cause of action for wrongful

6

refusal to defend following an adverse trial verdict. The critical distinction is that in this case there was no adversarial trial, only a default judgment against Zavala Diaz. The facts of this case fall squarely within the Texas Supreme Court's decisions that coverage under a third party liability policy is not triggered when an insured fails to notify the insurer, fails to defend and a default judgment results. *Nat'l Union Fire Ins. Co. v. Crocker*, 246 S.W.3d 603, 610 (Tex. 2008); *Harwell v. State Farm Mut. Auto. Ins.*, 896 S.W.2d 170, 174–75 (Tex. 1995); *Weaver v. Hartford Accident & Indem. Co.*, 570 S.W.2d 367, 370 (Tex. 1978). This holding is unchanged even where the insurer had actual notice of the suit against the insured and actual notice that the insured was served. *Crocker*, 246 S.W.3d at 610.

**5. Plaintiff's reliance on *Lyda Swinerton* is misplaced.**

Plaintiff cites *Lyda Swinerton Builders v. Oklahoma Surety Co.*, 903 F.3d 435 (5th Cir. 2018) for the proposition that an insured has a right of action for extra-contractual damages when his third party insurer wrongfully refuses to defend. *Lyda Swinerton* relied on *Lamar Homes* in holding that defense costs incurred by an insured as a result of an insurer's breach of its duty to defend are a "claim" within the meaning of the Prompt Pay Act. *Id*. at 450. In this case, Zavala Diaz failed to tender the lawsuit for a defense and failed to cooperate in the defense, caused his own default judgment, incurred no defense costs, and has no "first party" claim against the ALI Policy. The ALI Policy does not provide a duty to defend,[2] like the policies considered in *Lyda*

---

[2] The ALI Policy provides the insurer a *right* to defend, but not the duty to defend. The ALI Policy states that the insurer "without obligation to do so, shall have the right and opportunity to associate in the defense and control of any claim or suit reasonably likely to involve the Company under this Policy." Dkt. 115 (Plaintiff's Third Amended Complaint) at pg. 66 of 173 (ALI Policy, III, Cost, Charges and Expenses Liability) (page 3 of 10 of the ALI Policy). Such a right is a "valuable right," which, if lost, can result in prejudice to the insurer as a matter of law. *Berkley Regional Ins. Co. v. Philadelphia Indem. Ins. Co*., 690 F.3d 342, 349, n. 15 (5th Cir. 2012) (the right of an insurer to defend a case can be a "valuable right to an insurer").

*Swinerton* and *Lamar Homes*. The facts in *Lyda Swinerton* are not analogous to the facts presented in this case.

### 6. The economic loss rule precludes Plaintiff's attempts at asserting any extra-contractual claims because Plaintiff alleges that his "loss" the insurance policy limits.

The economic loss rule bars Plaintiff's extra-contractual claims because the damages Plaintiff seeks are contract damages. In addition to cases citing the economic loss rule, cases construing insurance policies use the same principle. In order to maintain an extra-contractual statutory violation, a plaintiff must show an injury (damages) independent of the loss of policy benefits. *Menchaca*, 545 S.W.3d at 489. In *Vizza Wash,* the court's holding that an independent injury must be shown before an insured can assert extra-contractual claims is consistent with the economic loss rule requiring independent damage before an extra-contractual claim may be asserted. *Vizza Wash*, 496 F.Supp.3d at 1042-43 (plaintiff's extra-contractual claims against insurer fail because plaintiff failed to plausibly allege any injury that was "truly independent" of the insurer's alleged failure to pay benefits under the insurance policy) (citing *Republic Insurance Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995). Either way, under the economic loss rule or under *Menchaca* and *Stoker/Vizza Wash*, a failure to allege injury or damage outside of the contract, Plaintiff's extra-contractual claims fail.

### CONCLUSION

For the foregoing reasons, Defendant Avis respectfully requests that the Court sustain Defendant Avis's Objections to Portions of the Magistrate's Ruling on Plaintiff's Motion to Compel, Dkt. 119. Defendant Avis also requests such other and further relief to which Defendant Avis shows itself justly entitled.

Respectfully submitted,

**HENRY ODDO AUSTIN & FLETCHER,**
   **A Professional Corporation**
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile:   (214) 658-1919

By:   *Katherine Knight*
       Katherine Knight
       TBA No. 10759900
       kknight@hoaf.com
       Davinder Jassal
       TBA No. 24107333
       djassal@hoaf.com

**ATTORNEY FOR DEFENDANTS
AVIS RENT A CAR SYSTEM, LLC AND
ACE AMERICAN INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that, on May 24, 2021, a true and correct copy of the foregoing was served on the following counsel of record:

Jay C. English                                                       *Via ECF*
jenglish@englishpllc.com
**ENGLISH LAW GROUP, P.L.L.C.**
7616 LBJ Freeway, Suite 500
Dallas, Texas 75251

           /s/*Katherine Knight*
            Katherine Knight