# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| DAVID O'DONNELL § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:19-CV-2687-S-BK |
| AVIS RENT A CAR SYSTEM, LLC, § | |
| and ACE AMERICAN INSURANCE § | |
| COMPANY § | |

## ORDER

This Order addresses Defendants Avis Rent A Car System, LLC, and ACE American Insurance Company's Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927 ("Motion") [ECF No. 186]. The Court has considered the Motion, Plaintiff David O'Donnell's Response to Defendants' Motion [ECF No. 191], Defendants' Reply to Plaintiff's Counsel's Response [ECF No. 192], and the applicable law.

28 U.S.C. § 1927 allows parties to seek attorney's fees, costs, and expenses directly from opposing counsel if opposing counsel "multiplies the proceedings in any case unreasonably and vexatiously." *See also Vanderhoff v. Pacheco*, 344 F. App'x 22, 27 (5th Cir. 2009) ("To impose sanctions against an attorney, the district court must find that the sanctioned attorney multiplied the proceedings both 'unreasonably' and 'vexatiously.'" (citation omitted)). An award of sanctions under Section 1927 "requires 'evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.'" *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 180 (5th Cir. 2007) (quoting *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002)). Section 1927 "is to be strictly construed." *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995) (citation omitted).

In this case, the Court does not find evidence of bad faith, improper motive, or reckless disregard of the duty owed to the Court. Accordingly, the Court **DENIES** Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927 [ECF No. 186].

**SO ORDERED.**

SIGNED September 25, 2023.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

2